TRAmmell,
dissenting: In my opinion the only possible ground upon which the conclusion of the Board could be justified is that the Duplex Envelope Building Corporation, although it had received its charter, had not perfected its organization, had transacted no business and had no income from any source and was therefore justified in not filing a return at all for 1922.
I think, however, that in any event, the corporation, to be relieved from the necessity of filing a return even under the circumstances above stated, should have complied with article 621, Regulations 62.
• The facts, however, in this case were stipulated and I think that these facts are sufficient to show that the corporation was legally organized. The corporation was not in such an unorganized condition as to be relieved from filing a return in accordance with section 239 of the Revenue Act of 1921. All corporations, except exempt corporations, are required to file returns regardless of whether they have any income or transact business.
On the other hand, the prevailing opinion regards the corporate organization as having been perfected in 1922. This being true, the opinion is clearly contrary to the case of St. Louis National Base Ball Club v. Commissioner, 42 Fed. (2d) 984, and the decision of the same court in the case of Fidelity National Bank v. Commissioner, 39 Fed. (2d) 51.
I think that it is immaterial in this case that the stock had not actually been issued and delivered. It is unnecessary to cite authorities of the courts to support the view that a corporation may be completely organized and even transact business without the certificates of stock having been issued to the stockholders.
The fact remains that the Duplex Envelope Building Corporation was in existence as a corporation during a portion of the year 1922 and that the petitioner corporation did not file a consolidated return with it for the portion of the year 1922 when the Building Corporation was in existence, and the statute provides that under such circumstances the affiliated corporations may file either a consolidated return or separate returns. The petitioner before us filed a separate return for 1922, although it was affiliated with the Building Corporation during a portion of that year. Having filed a separate return for 1922, in my opinion, it was not entitled to change to another basis in 1923 without the permission of the Commissioner. The petitioner owned substantially all the stock of the Building Corporation and was in a position to determine what kind of return should have been filed. I fully appreciate the equities in this case, but I do not believe that we should permit a hard case to cause us to overlook what in my opinion is the plain language of the statute.